IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:21-CR-43 |
| v. | |
| | The Hon. T.S. Ellis, III |
| LAURA ANNE GALLAGHER and, | |
| ANDREY NIKOLAYEVICH KALUGIN, | Trial: August 31, 2021, 10:00 a.m. |
| Defendants. | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorneys, Raj Parekh, United States

Attorney for the Eastern District of Virginia, Raizza K. Ty and Morris R. Parker, Jr., Assistant

United States Attorneys, respectfully asks the Court to include in its charge to the jury the

following jury instructions. The government also respectfully requests that the Court include in

its charge to the jury such other instructions as may become appropriate during the course of the

trial.

Respectfully submitted,

RAJ PAREKH
Actin United States Attorney

By: _____/s/_____
Raizza K. Ty
Morris R. Parker, Jr.
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Raizza.Ty@usdoj.gov
Email: Morris.Parker@usdoj.gov

## Table of Contents

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1 .................................................. 6

    Objections and Rulings ..................................................................................................... 6

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2 .................................................. 7

    Court's Comments to Counsel ........................................................................................... 7

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3 .................................................. 8

    Court's Questions to Witnesses ........................................................................................ 8

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4 .................................................. 9

    Court's Comments on Certain Evidence (if appropriate)................................................... 9

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5 ................................................ 10

    Evidence Admitted for a Limited Purpose Only (if appropriate)...................................... 100

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6 ................................................ 11

    Introduction to the Final Charge – Province of the Court and of the Jury .............................. 11

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7 ................................................ 13

    Judging the Evidence ..................................................................................................... 13

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8 ................................................ 14

    Evidence Received in the Case–Stipulations, Judicial Notice & Inferences Permitted........... 14

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9 ................................................ 16

    Direct and Circumstantial Evidence................................................................................ 16

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10 .............................................. 17

    Inferences from the Evidence......................................................................................... 17

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11 .............................................. 18

    Jury's Recollection Controls .......................................................................................... 188

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12 .............................................. 19

    The Question Is Not Evidence ........................................................................................ 19

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13 .............................................. 20

    Consider Only the Offense Charged ............................................................................... 20

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14 .............................................. 21

    The Indictment Is Not Evidence..................................................................................... 21

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15 .............................................. 22

    Number of Witnesses Called is not Controlling ............................................................... 22

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16 .......................................... 233
    Presumption of Innocence, Burden of Proof, and Reasonable Doubt.................................... 233
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17 .......................................... 24
    "On or About" - Explained............................................................................................ 24
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18 .......................................... 25
    Credibility of Witnesses–Generally ............................................................................ 25
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19 .......................................... 27
    Credibility of Witnesses– Inconsistent Statement....................................................... 27
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20 .......................................... 28
    Credibility of Witnesses–The Defendant as a Witness ........................................... 288
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21 .......................................... 29
    Effect of the Defendant's Decision Not to Testify...................................................... 29
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22 .......................................... 30
    Character Evidence – Reputation - Offered by the Defendant...................................... 30
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23 .......................................... 31
    Opinion Evidence – The Expert Witness ...................................................................... 31
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24 .......................................... 32
    The Nature of the Offense Charged – All Counts......................................................... 32
    (General Allegations) ................................................................................................... 32
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 25 .......................................... 377
    The Nature of the Offense Charged – Count One ........................................................ 37
    (Conspiracy) ................................................................................................................. 37
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26 .......................................... 42
    The Statutes Defining the Offense Charged – Count One ............................................ 42
    (Conspiracy) ................................................................................................................. 42
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27 .......................................... 43
    The Essential Elements of the Offense Charged – Count One ..................................... 43
    (Conspiracy) ................................................................................................................. 43
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 28 .......................................... 44
    Conspiracy – Existence of an Agreement – Count One................................................ 44
    (Conspiracy) ................................................................................................................. 44
GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 29 .......................................... 45
    Conspiracy – Membership in an Agreement – Count One ........................................... 45

(Conspiracy) .............................................................................................................. 45

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 30 ............................................ 46

    Conspiracy – "Overt Act" - Defined – Count One ........................................................ 46

    (Conspiracy) .............................................................................................................. 46

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 31 ............................................ 47

    Conspiracy – Success of Conspiracy Immaterial – Count One ................................. 47

    (Conspiracy) .............................................................................................................. 47

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32 ............................................ 48

    The Essential Elements of the Offense Charged – Count Two .................................. 48

    (Unlawful Procurement of Naturalization) ................................................................. 48

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 33 ............................................ 49

    The Nature of the Offense Charged – Count Two ...................................................... 49

    (Unlawful Procurement of Naturalization) ................................................................. 49

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 34 ............................................ 511

    The Statute Defining the Offense Charged – Count Two ........................................... 51

    (Unlawful Procurement of Naturalization) ................................................................. 51

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 35 ............................................ 512

    The Nature of the Offesne Charged – Count Three .................................................... 512

    (Unlawful Procurement of Naturalization) ................................................................. 512

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 36 ............................................ 513

    The Statute Defining the Offense Charged – Count Three ......................................... 513

    (Unlawful Procurement of Naturalization) ................................................................. 513

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 37 ............................................ 514

    The Essential Elements of the Offense Charge – Count Three ................................... 514

    (Unlawful Procurement of Naturalization) ................................................................. 514

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 38 ............................................ 55

    Procurement of Citizenship - Defined ....................................................................... 515

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 39 ............................................ 56

    Contrary to Law .......................................................................................................... 56

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 40 ............................................ 57

    "Predictably Have Triggered an Investigation" - Defined ......................................... 57

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 41 ............................................ 58

    "Good Moral Character" Prerequisite to Naturalization ............................................ 58

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 42 ............................................... 59

    Unanimity Requirement – Counts Two and Three ................................................. 59

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 43 ............................................... 60

    "Knowingly"—Defined ................................................................................... 60

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 44 ............................................... 61

    "False" - Defined ......................................................................................... 61

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 45 ............................................... 62

    Aiding and Abetting-Explained ...................................................................... 612

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 46 ............................................... 64

    "False, Fictitious or Fraudulent Statements or Representations" - Defined ........................... 64

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 47 ............................................... 65

    Proof of Knowledge or Intent .......................................................................... 65

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 48 ............................................... 66

    "Motive" - Explained .................................................................................... 66

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 49 ............................................... 67

    Department and Agency - Defined .................................................................... 67

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 50 ............................................... 68

    Immigration & Nationality Definitions .............................................................. 68

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 51 ............................................... 69

    Proof  May Be Disjunctive .............................................................................. 69

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 52 ............................................... 70

    Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of
Verdict – Communication with the Court ............................................................... 70

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

Objections and Rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or their client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:03 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:04 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter–not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:05 (6th ed. through August 2021)

8

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

Court's Comments on Certain Evidence (if appropriate)

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:06 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

Evidence Admitted for a Limited Purpose Only (if appropriate)

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:09 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Introduction to the Final Charge – Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice–through trial by jury–depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §12.01 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12.02 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

Evidence Received in the Case–Stipulations, Judicial Notice & Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses–regardless of who may have called them–all exhibits received in evidence–regardless of who may have produced them–all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

[*The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.*]

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted

to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:03 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:04 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead

the jury to draw from the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:05 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:07 (6th ed. through August 2021)

18

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:08 (6th ed. through August 2021)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13</u>

<u>Consider Only the Offense Charged</u>

The defendants are not on trial for any act or any conduct not specifically charged in the indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:09 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

The Indictment Is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendants.  The defendants are presumed to be innocent of the crime charged.  Even though this Indictment has been returned against the defendants, the defendants begin this trial with absolutely no evidence against them.

The defendants have pled "Not Guilty" to this Indictment and, therefore, deny that they are guilty of the charge.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:04 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

Number of Witnesses Called is not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:16 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

Presumption of Innocence, Burden of Proof, and Reasonable Doubt

I instruct you that you must presume the defendants to be innocent of the crimes charged. Thus, the defendants, although accused of crimes in the Indictment, begins the trial with a "clean slate" – with no evidence against them.  The Indictment, as you already know, is not evidence of any kind.  The defendants are, of course, not on trial for any act or crime not contained in the Indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendants are not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendants have committed each and every element of the offenses charged in the Indictment, you must find the defendants not guilty of the offenses.  If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:10 (6th ed. through August 2021) (modified to eliminate references to reasonable doubt definitions); *United States v. Walton*, 207 F.3d 694, 695 (4th Cir. 2000), *cert. denied* 531 U.S. 865 (2000) (refusing to require further definition of the reasonable doubt standard given the inherent risks, but leaving in the district court's discretion whether to acquiesce to a jury's request))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

"On or About" - Explained

The indictment charges that the offenses alleged in the indictment were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:05 (6th ed. through August 2021) (modified to add offenses alleged in the indictment and not specifically refer to counts)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

### Credibility of Witnesses–Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

25

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:01 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

Credibility of Witnesses– Inconsistent Statement
(If Appropriate)

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

[*If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.*]

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:06 (6th ed. through August 2021)

27

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

Credibility of Witnesses–The Defendant as a Witness
(If Appropriate)

You should judge the testimony of a defendant in the same manner as you judge the

testimony of any other witness in this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:12 (6th ed. through
August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

Effect of the Defendant's Decision Not to Testify
(If Appropriate)

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise their privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:14 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

Character Evidence – Reputation - Offered by the Defendant
(If Appropriate)

The defendant has offered evidence of his or her good general reputation for [truth and veracity] [honesty and integrity] [being a law-abiding citizen]. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:15 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23

Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence *[including that of other "expert witnesses"]*, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:01 (6th ed. through August 2021)

31

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24

The Nature of the Offense Charged – All Counts

(General Allegations)

The indictment charges that, at all times relevant to the indictment:

1.     Defendant LAURA ANNE GALLAGHER ("GALLAGHER") was a U.S. citizen who worked at the U.S. Department of State ("DOS") as a Foreign Service Officer ("FSO") and was licensed to practice law in California.

2.     Defendant ANDREY NIKOLAYEVICH KALUGIN ("KALUGIN") was a national of Russia who entered the United States on or about January 9, 2011 on a B-2 non-immigrant visitor visa and later obtained an F-1 non-immigrant student visa, which expired on July 15, 2015.

3.     From in and around June 2015 through in and around February 2018, GALLAGHER and KALUGIN caused the filing of immigration petitions and applications to request lawful status for KALUGIN to remain in the United States.

4.     On or about June 4, 2015, GALLAGHER and KALUGIN married in a civil ceremony in Ventura, California, approximately six weeks before the scheduled expiration of KALUGIN's student visa.

5.     On or about June 30, 2015, GALLAGHER signed under penalty of perjury and later caused to be submitted to United States Citizenship and Immigration Services (USCIS) a Form I-130 Petition for Alien Relative on behalf of KALUGIN.

6.     On or about June 30, 2015, KALUGIN signed under penalty of perjury and later caused to be submitted to USCIS a Form I-485, Application to Register Permanent Residence or Adjust Status, based on his marriage to GALLAGHER.

32

7.      In and around March 2016, GALLAGHER and KALUGIN moved to Arlington, Virginia where DOS held orientation and training for new FSOs.

8.      On or about March 10, 2016, KALUGIN updated USCIS with a new residential address in Arlington, Virginia.

9.      In and around May 2016, KALUGIN moved without GALLAGHER to the Sacramento, California area where he obtained a new state driver's license and new employment.

10.     During this time, between in and around June 2016 and in and around September 2016, GALLAGHER communicated with friends and family noting her break up with KALUGIN and held herself out to be "single."

11.     On or about June 14, 2016, GALLAGHER emailed the DOS Family Liaison Office (FLO) to request the status update on KALUGIN's Form I-485 application.

12.     In and around early August 2016, GALLAGHER communicated with DOS FLO to assist her with KALUGIN's expeditious naturalization process through Section 319(b) of the INA, continuing to refer to him as her husband and failing to disclose the fact that they were no longer together.

13.     On or about August 30, 2016, KALUGIN signed an Application for Naturalization (Form N-400) containing false, fraudulent, and misleading information.

14.     GALLAGHER then mailed the N-400 and supporting materials on or about September 7, 2016 to USCIS, which received the application the next day.

15.    In Part 5, Question 1.A., the N-400 asked the applicant to provide his or her current physical address.  KALUGIN responded that he lived at a residence on "14th Rd. S, Arlington, VA 22202" from "04/01/2016 to present."

16.    In Part 8, the N-400 asked the applicant to list employment.  In Question 1, KALUGIN responds that his employer is the Inter-Con Security Systems, Inc. located at Business Park Drive in Sacramento, California, and that he worked there from "08/09/2016 through present."

17.    In Question 2 of the same section, KALUGIN responds that he was unemployed at a residence on "14th Rd. S, Arlington, Virginia 22202" from "04/01/206" to "08/09/2016."

18.    In Part 10, Question 1, the N-400 asked the applicant to indicate his or her marital status by checking a box; the options were "Single, Never Married," "Married," "Divorced," "Separated," and "Marriage Annulled."   KALUGIN responded that he was married.

19.    In Part 12, Question 31, the N-400 asked the applicant "Have you EVER given any U.S. government officials any information or documentation that was false, fraudulent, or misleading?"  KALUGIN responded "No."

20.    In Part 12, Question 32, the N-400 asked the applicant "Have you EVER lied to any U.S. government officials to gain entry or admission to the United States or to gain immigration benefits while in the United States?"  KALUGIN responded, "No."

21.    Before submitting an N-400 application, Part 13 of the N-400 required that the applicant sign a statement and certification under penalty of perjury and that the applicant "understand[s] all of the information contained in, and submitted with, my application, and that

34

all the information is complete, true, and correct."  KALUGIN signed his application and dated it

"08/30/2016."

      22.    On or about February 5, 2018, KALUGIN appeared for his N-400 interview.  A

USCIS immigration officer at the USCIS office in Fairfax, Virginia placed KALUGIN under

oath and asked him questions about the Form N-400.  When given an opportunity, KALUGIN

made only one correction to his N-400 application at Part 2, Question 2, regarding his middle

name.

      23.    Following the interview, KALUGIN again signed his name affirming and

certifying under penalty of perjury that the contents of the Form N-400 application and

supporting evidence was complete, true, and correct.

      24.    That same day, the USCIS Immigration Officer took a required Record of Sworn

Statement regarding KALUGIN's eligibility to file for naturalization under Section 319(b) of the

INA.  The Record of Sworn Statement asked, in part, whether KALUGIN could declare in good

faith that, upon his naturalization, he intended to reside abroad with his citizen spouse.

KALUGIN responded, "Yes."

      25.    The Record of Sworn Statement also asked whether KALUGIN could declare in

good faith that he intended to take up residence within the United States with his spouse

immediately upon the termination of their employment abroad.  KALUGIN responded, "Yes."

      26.    KALUGIN additionally signed and submitted a Form N-445 stating that his

answers had not changed from his interview earlier that day.

      27.    On or about February 5, 2018, after taking the oath of allegiance at the USCIS

office in Fairfax, Virginia, within the Eastern District of Virginia, KALUGIN received a United

States Certificate of Naturalization No. 3XXXX685 based on his marriage to GALLAGHER.

28.     On the day of his naturalization, KALUGIN also applied for a U.S. tourist

passport and a diplomatic passport at the Department of State's Special Issuance Agency in

Washington, D.C. by filing two Form DS-11 Applications for U.S. Passport.  As proof of

eligibility for these passports, KALUGIN provided the naturalization certificate issued by

USCIS.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 25

<u>The Nature of the Offense Charged – Count One</u>

(Conspiracy)

Count One of the Indictment charges that:

The General Allegations of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

From in and around 2016, the exact date being unknown to the Grandy Jury, to in and around July 2018, in the Eastern District of Virginia, the defendants, LUARA ANNE GALLAGHER and ANDREY NIKOLAYEVICH KALUGIN, did knowingly and unlawfully combine, conspire, confederate and agree with each other to commit offenses against the laws of the United States and to defraud the United States, that is:

a. to defraud the United States by impeding, impairing and obstructing the lawful government functions of DHS, including USCIS, with respect to the application, review, investigation, and decision-making process for immigration benefits, in violation to Title 18, United States Code, Section 371;

b. to knowingly procure and attempt to procure, contrary to law, the naturalization of any person, and documentary and other evidence of naturalization and of citizenship, in violation of Title 18, United States Code, Section 1425(a);

c. to knowingly make false statements under oath in any case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, in violation of Title 18, United States Code, Section 1015(a);

37

d.  to use and attempt to use any certificate of naturalization, certificate of citizenship, and other documentary evidence of naturalization and citizenship, and any duplicate and copy thereof, knowing the same to have been procured by fraud and false evidence and otherwise unlawfully obtained, in violation of Title 18, United States Code, Section 1015(c).

<u>OBJECT OF THE CONSPIRACY</u>

The purpose of the conspiracy was to obtain naturalization and citizenship and proof of U.S. citizenship by making false statements and submitting fraudulent documents.

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

The manner and means by which the conspirators conducted the conspiracy included the following:

1.  It was part of the conspiracy that members of the conspiracy would make false statements to DOS and USCIS officials to conceal the true status of their marriage and other matters.

2.  It was further part of the conspiracy that members of the conspiracy would submit or cause the submission of immigration paperwork containing false statements to USCIS so that ANDREY NIKOLAYEVICH KALUGIN could become a U.S. citizen through naturalization.

3.  It was further part of the conspiracy that members of the conspiracy would submit or cause the submission of a passport application to DOS that was supported by fraudulently obtained documents.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to effect its objects, the defendants did commit and caused to be committed, among others, the following acts:

1.    On or about June 22, 2016, GALLAGHER purchased airline tickets for KALUGIN to travel from Sacramento, California, his new residence, to Virginia so that he could attend his immigration interview in person.

2.    KALUGIN arrived at the Washington Dulles International Airport in Dulles, Virginia on or about July 17, 2016.

3.    On or about July 22, 2016, KALUGIN attended an interview at the USCIS office in Fairfax, Virginia, within the Eastern District of Virginia, regarding the Form I-485 application based on his marriage to GALLAGHER and was granted lawful permanent residence.

4.    On or about August 25, 2016, GALLAGHER emailed the Form N-400 and supporting documents to KALUGIN for review.

5.    On or about August 30, 2016, KALUGIN signed a Form N-400 containing false, fraudulent, and misleading information and, together with GALLAGHER, caused its submission to USCIS with the assistance of the DOS FLO.

6.    On or about January 27, 2017, GALLAGHER submitted to USCIS a Form G-28 to note her entry of appearance as KALUGIN's representative for the Form N-400.

7.    On or about December 11, 2017, GALLAGHER emailed FLO inquiring about how to obtain diplomatic and tourist passports for KALUGIN.

8.    On or about December 14, 2017, GALLAGHER once again purchased airfare for

KALUGIN to fly from California to Virginia in and around February 2018.

9.       On or about February 4, 2018, KALUGIN arrived at Reagan National Airport in Arlington County, Virginia.

10.      On or about February 5, 2018, at an interview at the USCIS office in Fairfax, Virginia, KALUGIN falsely certified under penalty of perjury that all the contents of his N-400 were complete, true, and correct.

11.      On or about February 5, 2018, KALUGIN made false, fraudulent, and misleading statements to an employee of USCIS during his naturalization interview.

12.      On or about February 5, 2018, KALUGIN provided false, fraudulent, and misleading information in a DHS/USCIS Record of Sworn Statement regarding his eligibility to file for Naturalization under Section 319(b) of the INA.

13.      On or about February 5, 2018, KALUGIN signed a Form N-445 at his naturalization oath ceremony.

14.      On or about February 5, 2018, KALUGIN caused the submission of a Form DS-11 Application for U.S. Passport, which included a copy of his fraudulently obtained Certificate of Naturalization.

15.      On or about February 5, 2018, KALUGIN caused the submission of a Form DS-11 Application for U.S. Passport, enabling him to obtain a diplomatic passport, which included a copy of his fraudulently obtained Certificate of Naturalization.

16.      In and around March 2018, KALUGIN traveled to Mexico, where GALLAGHER was posted overseas, using the Brownsville, Texas land border crossing.

17.      In and around April 2018, KALUGIN traveled to the United States and did not return to Mexico at any time thereafter.

18.     On or about July 10, 2018, GALLAGHER filed a petition with the Superior Court of California, County of Sacramento for the dissolution of marriage to KALUGIN listing the date of separation as "01-May-2016," as well as the time from date of marriage to date of separation as "0 Years" and "11 Months," and affirming her sworn statements under penalty of perjury.

(All in violation of Title 18, United States C0de, Section 371)

(Adapted from Indictment)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26

The Statutes Defining the Offense Charged – Count One
(Conspiracy)

Section 371 of Title 18 of the United States Code provides, in part, that:

> "If two or more persons conspire either to commit any offense
> against the United States, or to defraud the United States, or any
> agency thereof … and one or more of such persons do any act to
> effect the object of the conspiracy, …"

an offense against the United States has been committed.

Section 1425(a) of Title 18 of the United States Code provides, in part, that:

> "Whoever knowingly procures or attempts to procure, contrary to
> law, the naturalization of any person, or documentary or other evidence
> of naturalization or of citizenship …"

an offense against the United States has been committed.

Section 1015(a) of Title 18 of the United States Code provides, in part, that:

> "Whoever knowingly makes any false statement under oath, in any case,
> proceeding, or matter relating to, or under, or by virtue of any law of the
> United States relating to naturalization, citizenship, …"

an offense against the United States has been committed.

Section 1015(c) of Title 18 of the United States Code provides, in part, that:

> "Whoever uses …any certificate of … naturalization, certificate of citizenship
> or other documentary evidence of naturalization or citizenship, or duplicate or
> copy thereof, knowing the same to have been procured by fraud or false evidence
> …"

an offense against the United States has been committed.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:02 (6th ed. through
August 2021, *see* Title 18, United States Code, Sections 371, 1015(a) and(c), and 1425(a)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27

The Essential Elements of the Offense Charged – Count One

(Conspiracy)

In order to sustain its burden of proof for the crime of conspiracy to combine, conspire, confederate and agree with each other to commit offenses against the United States as charged in Count One of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

*One:* The conspiracy, agreement, or understanding combine, conspire, confederate and agree with each other to defraud the United States and to commit offenses against the United States, as described in the indictment, was formed, reached, or entered into by two or more persons;

*Two:* At some time during the existence or life of the conspiracy, agreement, or understanding, the defendants knew the purpose(s) of the agreement; and

*Three:* With knowledge of the purpose(s) of the conspiracy, agreement, or understanding, the defendants then deliberately joined the conspiracy, agreement, or understanding; and

*Four:* At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:03 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 28

Conspiracy – Existence of an Agreement – Count One

(Conspiracy)

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would *[violate some law(s)]* and/or *[defraud the United States]* by means of some common plan or course of action as alleged in Count of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

*[To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.]*

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit defendants of the charge contained in Count One of the indictment.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:04 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 29

<u>Conspiracy – Membership in an Agreement – Count One</u>

(Conspiracy)

Before the jury may find that the Defendants, became members of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that the Defendants knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:05 (6th ed. through August 2021)

45

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 30</u>

<u>Conspiracy – "Overt Act" - Defined – Count One</u>

(Conspiracy)

In order to sustain its burden of proof under Count One of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:07 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 31

Conspiracy – Success of Conspiracy Immaterial – Count One

(Conspiracy)

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:08 (6th ed. through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32

The Essential Elements of the Offense Charged – Count Two

(Unlawful Procurement of Naturalization)

In order to prove the defendant guilty of unlawfully procuring citizenship of the United States as charged in Count Two of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, a defendant procured the naturalization of any person;

Second, that defendant acted contrary to law; and

Third, that defendant acted knowingly.

Adapted from Pattern Crim. Jury Instr. 11th Cir. O120 (2020); *see United States v. Aladekoba*, 61 F. App'x 27 (4th Cir. 2003) (adopting the Ninth Circuit's requirement that the statements must be material in order to be contrary to law when the prosecution is based on false statements in the application, and identifying the following elements that the government must prove: (1) that the defendant made false statements on the application for naturalization; (2) that the defendant made the statements knowingly; (3) that the statements were contrary to law; and (4) that the defendant procured or attempted to procure naturalization)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 33

The Nature of the Offense Charged – Count Two

(Unlawful Procurement of Naturalization)

Count Two of the Indictment charges that:

The General Allegations of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

On or about February 5, 2018, in the Eastern District of Virginia, the defendants LAURA ANNE GALLAGHER and ANDREY NIKOLAYEVICH KALUGIN, did knowingly procure and obtain, and aided and abetted the procuring and obtaining of, citizenship and naturalization for any person, contrary to law, in that they made materially false, fictitious, and fraudulent statements and representations in the application for naturalization, Form N-400, as indicated below:

    e.   KALUGIN falsely represented that he had resided at a residence in Arlington, Virginia from April 2016 through the time of his interview in February 2018, when, in truth and in fact, as he then well knew, he had been and was living in California.

    f.   KALUGIN falsely represented that he was married, when, in truth and in fact, as he then well knew, he had been separated from his spouse since May 2016.

    g.   KALUGIN falsely represented that he had never given any U.S. government officials any information or documentation that was false, fraudulent, or misleading, when, in truth and in fact, as he well knew, he misled USCIS regarding his material status.

    h.   KALUGIN falsely represented that he had never lied to any U.S. government official to gain entry or admission to the United States or to gain immigration benefits while

in the United States, when, in truth and in fact, as he then well knew, he was not

truthful to USCIS regarding his material status.


(In violation of Title 18, United States Code, Sections 1425(a) and 2)

(Adapted from Indictment)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 34

The Statute Defining the Offense Charged – Count Two

(Unlawful Procurement of Naturalization)

Section 1425(a) of Title 18 of the United States Code provides, in relevant part, that:

> Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or citizenship….

shall be guilty of an offense against the United States.

(Title 18, United States Code, Section 1425(a))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 35

The Nature of the Offense Charged – Count Three

(Unlawful Procurement of Naturalization)

Count Three of the Indictment charges that:

The General Allegations of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

On or about February 5, 2018, in the Eastern District of Virginia, the defendants LAURA ANNE GALLAGHER and ANDREY NIKOLAYEVICH KALUGIN did knowingly procure and obtain, and aided and abetted the procuring and obtaining of, citizenship and naturalization for any person, contrary to law, in that they made materially false, fictious, and fraudulent statements and representations in the application for naturalization, Record of Sworn Statement as indicated below:

    i.   KALUGIN falsely represented that he had a good faith intention, upon naturalization, to reside abroad with his citizen spouse, when, in truth and in fact, as he then well knew he had been separated from his spouse since May 2016.

    j.   KALUGIN falsely represented that he had a good faith intention to take up residence within the United States with his spouse immediately upon the termination of their employment abroad, when in truth, as he then well knew he had been separated from his spouse since May 2016.

(In violation of Title 18, United States Code, Section 1425(a) and 2)

(Adapted from Indictment)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 36</u>

<u>The Statute Defining the Offense Charged – Count Three</u>

(Unlawful Procurement of Naturalization)

Section 1425(a) of Title 18 of the United States Code provides, in relevant part, that:

> Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or citizenship….

shall be guilty of an offense against the United States.

(Title 18, United States Code, Section 1425(a))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 37

The Essential Elements of the Offense Charged – Count Three

(Unlawful Procurement of Naturalization)

In order to prove the defendant guilty of unlawfully procuring citizenship of the United States as charged in Count Three of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, a defendant procured the naturalization of any person;

Second, that defendant acted contrary to law; and

Third, that defendant acted knowingly.

Adapted from Pattern Crim. Jury Instr. 11th Cr. OI 0120 (2020); *see United States v. Aladekoba*, 61 F. App'x 27 (4th Cir. 2003) (adopting the Ninth Circuit's requirement that the statements must be material in order to be contrary to law when the prosecution is based on false statements in the application, and identifying the following elements that the government must prove: (1) that the defendant made false statements on the application for naturalization; (2) that the defendant made the statements knowingly; (3) that the statements were contrary to law; and (4) that the defendant procured or attempted to procure naturalization)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 38

Procurement of Citizenship - Defined

A person procures citizenship if he becomes a citizen of the United States, as evidence by the issuance of a Certificate of Naturalization.

(Title 8, United States Code, Section 1449)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 39

Contrary to Law

The government must prove that the defendant knowingly procured citizenship "contrary to law."  This means that the defendant committed an illegal act during the naturalization process that played some role in his acquisition of citizenship.  When the illegal act is alleged to have been a materially false representation, this means that the defendant:

1. lied about a fact; and

2. the fact would have mattered to an immigration official, had it been known, because either:

    a.  the fact would have justified denial of naturalization; or

    b.  the fact would predictably have triggered an investigation that would likely have uncovered additional facts warranting the denial of naturalization.

The government does not need to prove that the fact would have justified denial of naturalization *and* would predictably have triggered an investigation; either showing is sufficient.

(*Maslenjak v. United States*, 137 S. Ct. 1918 (2017); *United States v. Mitchell*, 39 F.3d 465, 476 (4th Cir. 1994) ("Contrary to law" encompasses substantive or legislative-type regulations that have the force and effect of law))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 40

"Predictably Have Triggered an Investigation" - Defined

In order to prove that a fact, had it been known to an immigration official, would predictably have triggered an investigation that would likely have uncovered additional facts warranting the denial of naturalization, the government must show:

1. that the misrepresented fact was sufficiently relevant to naturalization criteria that its disclosure would have prompted reasonable officials to undertake further investigation; and

2. that the investigation would predictably have uncovered some legal disqualification.

The government need not show definitively that its investigation would have unearthed a disqualifying fact, only that it predictably would have done so.

(*Maslenjak v. United States*, 137 S. Ct. 1918 (2017))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 41

"Good Moral Character" Prerequisite to Naturalization

Section 1427 of Title 8 of the United States Code provides, in part, that:

(a) [n]o person…shall be naturalized unless such applicant…has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

[. . . .]

(e) In determining whether the applicant has sustained the burden of establishing good moral character and the other qualifications for citizenship. . . , the [federal government] shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration as a basis for such determination the applicant's conduct and acts at any time prior to that period.

(Title 8, United States Code, Section 1427)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 42

Unanimity Requirement – Counts Two and Three

For you to find that the defendant procured citizenship or naturalization contrary to law, you must unanimously agree that the defendant knowingly made at least one of the materially false representations alleged in Counts Two and Three of the Indictment.  It is not sufficient if you all agree that the defendant made a materially false representation but cannot agree on which one.

(*United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998); *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 43

"Knowingly"—Defined

A person acts "knowingly," as that term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

A person who makes, submits, or uses a statement or writing which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 40.13 (6th ed. updated through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 44

"False" - Defined

The word "false" means contrary to the truth.  As used in the law, the word "false" generally means more than an innocent mistake or a simple error of fact.

A statement or representation is "false" if it was untrue when made and was then known to be untrue by the person making it *[or causing it to be made]* or made *[or caused to be made]* with reckless indifference as to its truth or falsity.

1A O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 16:06 (6th ed. through August 2021)

61

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 45

Aiding and Abetting—Explained

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated [himself] [herself] in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crime charged in Counts Two and Three of the indictment, the government must prove beyond a reasonable doubt that a defendant:

One, knew that the crime charged was to be committed or was being committed,

Two, knowingly did some act for the purpose of aiding the commission of that crime, and

Three, acted with the intention of causing the crime charged to be committed.

Before a defendant  may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that some person or persons committed each of the essential elements of the offenses charged as detailed for you in Instruction Nos.  32 and 37.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that Defendants knowingly and deliberately associated themselves with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

Adapted from 1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §18:01 (6th ed. updated through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 46

"False, Fictitious or Fraudulent Statements or Representations" - Defined

A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue.

A fraudulent statement or representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

2A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 40:08 (6th ed. updated through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 47

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:07 (6th ed. updated through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 48

"Motive" - Explained

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:06 (6th ed. updated through August 2021)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 49

Department and Agency - Defined

The term "department" means one of the executive departments enumerated in section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government.

The term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

The term "department" or "agency" as used in these instructions includes the Department of Homeland Security ("DHS"), which is an agency of the executive branch of the government of the United States that is responsible for, among other things, processing applications for immigration to the United States.

Several agencies within DHS assist with administrating the immigration laws of the United States, including:

a.  United States Citizenship and Immigration Services ("USCIS"), formerly known as Immigration and Naturalization Services ("INS") when it was an agency of the Department of Justice ("DOJ"), which processed applications for immigration to the United States and other immigration benefits; and

b.  Homeland Security Investigations ("HSI"), with responsibility and authority for conducting criminal investigations on behalf of the DHS.

(*See* 18 U.S.C. § 6)

67

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 50

Immigration & Nationality Definitions

Now I will provide you with some definitions regarding immigration and naturalization.

The term "alien" means any person not a citizen or national of the United States.

The term "application for admission" refers to the application for admission into the United States and not to the application for the issuance of an immigrant or nonimmigrant visa.

The terms "admission" and "admitted" mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.

The term "immigrant" means every alien except an alien who is within one of an excepted class of nonimmigrant aliens.

The term "immigration officer" means any employee or class of employees of the Service or of the United States designated by the Attorney General, individually or by regulation, to perform the functions of an immigration officer specified by law.

The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

The term "naturalization" means the conferring of nationality of a state upon a person after birth, by any means whatsoever.

(8 U.S.C. § 1101(a)(3), (4), (13A), (15), (18), (20), (23))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 51

Proof May Be Disjunctive

Although the Indictment may charge a defendant with committing an offense in several

ways, using conjunctive language (i.e., "and"), it is sufficient if the government proves the

offense in the disjunctive (i.e., "or"), that is to say, the Jury may convict on a unanimous finding

of any of the elements of a conjunctively charged offense.  Therefore, I instruct you that it is not

necessary for the government to prove that the defendant did each of those things, named in that

particular count of the Indictment.  It is sufficient if the government proves beyond a reasonable

doubt that the defendant did one of the alternative acts as charged, as long as you all agree that

the same particular alternative act was committed.

(*United States v. Rhynes*, 206 F.3d 349, 384 (4th Cir. 1999) ("[w]here a statute is worded in the
disjunctive, federal pleading requires the Government to charge in the conjunctive. The district
court, however, can instruct the jury in the disjunctive."); and *United States v. Simpson*, 228 F.3d
1294, 1300 (11th Cir. 2000) ("[T]he law is well established that where an indictment charges in
the conjunctive several means of violating a statute, a conviction may be obtained on proof of
only one of the means, and accordingly the jury instruction may properly be framed in the
disjunctive.")

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 52

### Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges–judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

70

should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

*[The verdict or a summary can be read to the jury]*

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 20:01 (6th ed. updated through August 2021)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2021, I electronically filed the foregoing

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS with the Clerk of Court using the

CM/ECF system, which will send a notification of that electronic filling (NEF) of the foregoing

to all counsel of record.


<table>
<tr><td></td><td>Acting United States Attorney<br>Raj Parekh</td></tr>
<tr><td>By:</td><td>_____/s/_____<br>Raizza K. Ty<br>Morris R. Parker, Jr.<br>Assistant United States Attorneys<br>United States Attorney's Office<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Phone: (703) 299-3700<br>Fax: (703) 299-3980<br>Email: Raizza.ty@usdoj.gov<br>Email: Morris.Parker@usdoj.gov</td></tr>
</table>