IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAURA ANNE GALLAGHER and<br>ANDREY NIKOLAYEVICH KALUGIN,<br><br>*Defendants.* | Case No. 1:21-CR-43-TSE<br><br>Trial Date: August 31, 2021 |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO
DEFENDANTS' *MOTION IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY**

The United States of America, by and through its attorneys, Raj Parekh, Acting United States Attorney, and Raizza K. Ty and Morris R. Parker, Jr., Assistant United States Attorneys, hereby files this response in opposition to Defendant Kalugin's Motion in Limine to Exclude Testimony regarding the testimony of U.S. Citizenship and Immigration Services (USCIS) Supervisory Immigration Services Officer (SISO) Juan Wood, joined by Defendant Gallagher. (Dkt. Nos. 130, 132.)  Defendants' motion seeks to exclude expert testimony that will be important to the jury's understanding of the charges and criminal conduct in this case: testimony explaining why the alleged falsehoods in the Form N-400 naturalization application, including the Record of Sworn Statement, concerning the status of Defendant Kalugin's marriage to Defendant Gallagher would matter to USCIS.  Simply put, the jury needs to hear testimony that not only explains how USCIS evaluates the relevant naturalization application and supporting documents, but also what information the agency relies upon in reaching its adjudication decision.  The government has identified a witness that is indisputably qualified to deliver that testimony.

## I.   FACTUAL BACKGROUND

The Defendants are charged with conspiracy and naturalization fraud based on the false statements submitted or caused to be submitted in Defendant Kalugin's N-400 Application for Naturalization. (Dkt. 21.) Key to understanding the charged criminal conduct is an explanation of the provision under which defendant Kalugin claimed he was eligible – Section 319(b) of the Immigration and Nationality Act (INA) (also known as "expeditious naturalization"). Generally, a lawful permanent resident (LPR) must wait a requisite period of time (either three or five years) to establish continuous residence and physical presence in the United States before becoming eligible to apply for naturalization. However, under section 319(b), those who are spouses of U.S. citizens in qualifying employment regularly stationed abroad, such as Foreign Service Officers, can immediately apply for naturalization. Applicants must meet certain requirements, such as declaring, in good faith, an intention to reside with their U.S. citizen abroad upon naturalizing and to take up residence in the United States immediately upon the termination of the spouse's employment abroad. The applicant provides these statements in a Record of Sworn Statement.

Defendants do not dispute the proposed testimony concerning the eligibility requirements and process for applicants seeking lawful permanent residence status and naturalization. (Dkt. 130 at 1-2.) Rather, they dispute that the government's proposed expert will testify to the "materiality of the alleged falsehoods defendant Kalugin's application concerning the status of his marriage to defendant Gallagher." *Id.* But the intended testimony would not elicit a legal conclusion.

So that the jury may fully understand the nature of Defendants' fraud and, in particular, the significance of Defendant's Kalugin's statements to USCIS in the naturalization application and during his interview on the same, the government plans to present testimony from Juan Wood, a

Supervisory Immigration Services Officer with USCIS.[1] SISO Wood has been at USCIS for more than five years and has extensive experience as an adjudications officer reviewing naturalization applications, including, those submitted under Section 319(b) eligibility, and supporting documents at issue in this case. He also has had additional experience as a supervisor over adjudicators reviewing the relevant forms. SISO Wood's trial testimony will provide the jury with the background regarding the naturalization process to obtain U.S. Citizenship, including the process for naturalization pursuant to Section 319(b). SISO Wood will be asked whether knowledge of the defendants living apart while Defendant Gallagher was not yet posted overseas would have impacted his decision-making process and ability to investigate prior to the adjudication of Defendant Kalugin's naturalization application. Moreover, SISO Wood was the immigration officer who conducted the interview of Defendant Kalugin on his N-400 application and approved his applications.

## II.    ARGUMENT

The challenged testimony is admissible under Rule 702. Rule 702 of the Federal Rules of Evidence permits a qualified expert witness to testify "in the form of an opinion or otherwise" if, as relevant here, the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," and the expert's testimony is based on the proper application of reliable information, principles, analysis to the facts of the case. Fed. R. Evid. 702. Generally, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R.

---

[1] In addition to the government's letter notice of expert, the government provided to the defendants two reports of interview of SISO Wood who discussed the importance of specific questions asked during the section 319(b) expeditious naturalization process.

Evid. 704(a).[2]  Though expert testimony is subject to the general rule that experts not evade the provinces of the judge or jury by providing a legal conclusion, it does not mean, however, that expert testimony cannot *support* a factual or legal finding by the jury.  *See United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011); *United States v. Duncan*, 42 F.3d 97, 102-103 (2d Cir. 1994) (expert witness's testimony admissible where, although the expert "stated certain factual conclusions," his testimony did not "simply tell the jury what decision to make" and "he never expressed an opinion as to whether [defendant] was guilty of the offenses charged").

To prove the defendants are guilty of naturalization fraud, in violation of 18 U.S.C. § 1425(a), the government must prove that the defendants knowingly made false statements contrary to law and that the defendant procured his citizenship.  When an illegal act is alleged to have been a materially false representation, the government must establish that the illegal act played some role in his acquisition of citizenship.  *See Maslenjak v. United States v. United States*, 137 S. Ct. 1918 (2017).

The evidence the government will elicit from Officer Wood does not invade the province of the judge or the jury.  In this case, there is no dispute that SISO Wood is qualified to provide information regarding USCIS's approach to adjudicating N-400 applications and the rule and requirements governing that process based on his background, training, and experience

---

[2] The Defendants appear to cite *United States v. Ryland*, 993 F.2d 1541 (4th Cir. 1993) to support their contention that courts have "continued to restrict testimony that offers a conclusion of law, either explicitly or implicitly." (Dkt. 130 at n.1.)  However, the Fourth Circuit in *Ryland* determined that the government's expert witness' testimony was neither prejudicial nor an impermissible legal conclusion.  The case involved a "check kiting" scheme to defraud several banks.  The expert at issue was a bank fraud investigator and specifically testified that "[c]heck kiting is a scheme used in an attempt to defraud a bank" and further explained how it is perpetrated.  *Ryland*, 993 F.2d at *3.  In reaching its decision, the Court considered the witness' expertise and the district court's guidance to the jury on how to treat the expert's testimony.

adjudicating the relevant forms for USCIS. But how a USCIS adjudicator like SISO Wood determines whether to grant or deny an application, or whether further investigation is needed to assess an applicant's eligibility, necessarily will include facts about what factors are material to that decision. This would include testifying about which questions within an application are particularly important, and how answers to those questions may impact the decision-making process. SISO Wood's anticipated testimony is not meant to elicit an opinion about the meaning of a specialized term. SISO Wood is prepared to offer the jury the information they will need to place Defendants' actions into the context of the naturalization process via the Section 319(b) mechanism. In so doing, he will provide important evidence *relevant* to the materiality element of the naturalization fraud charges by identifying what information USCIS uses to adjudicate naturalization applications and how that information is relied upon. Critically, he will not express any opinion as to the ultimate issue here: whether the Defendants committed naturalization fraud or any of the other charged offenses.

      Courts, including this one, commonly allow similar testimony from experts familiar with immigration issues and eligibility requirements, as well as testimony as to whether certain truths, if known, would have influenced their decisionmaking. *See United States v. Nunez-Garcia*, 1:16-cr-00039 (AJT) (Dkt. 45 at 54) (qualifying USCIS officer as an expert who may "express opinions in the area of practice and procedure in immigration application processes and the policies of the immigration service with respect to the application process and also the materiality of statements made in connection with those [naturalization] proceedings"), *aff'd*, No. 16-4415 (4th Cir. April 18, 2017); *United States United States v. Narang,* No. 1:16-CR-43 (LMB), 2019 WL 3949308, at *11 (E.D. Va. Aug. 21, 2019) (in visa fraud prosecution, noting testimony of USCIS officer as "expert on the H-1B visa program"), *aff'd*, No. 19-4850, 2021 WL 3484683 (4th Cir. Aug. 9,

2021); *United States v. Yang*, No. 16-CR-000334-LHK, 2019 WL 5579718 at *4 (N.D. Cal. Oct. 29, 2019) (denying defendants' motion to exclude government's USCIS expert, finding that such witnesses may testify to whether and why knowing certain facts could have affected or influenced their decision to approve the particular visa petition); *United States v. Ilegbameh*, No. CR-13-00201-MWF-1, 2013 WL 12171602, at *1 (C.D. Cal. Nov. 13, 2013) (denying a motion to exclude the testimony of a Senior Immigration Services Officer at USCIS who planned to provide "background information about USCIS, immigration-related terminology, adjustment of status procedures, and material information considered by USCIS in processing adjustment of status applications" and finding it appropriate to admit that information in the form of expert testimony); *United States v. Matsumaru*, 244 F.3d 1092, 1102 (9th Cir. 2001) (approving opinion testimony by lay witnesses familiar with the immigration petitions at issue to testify to whether and why certain facts could have affected or influenced their decision to approve the particular visa petition).

In *Nunez-Garcia*, though a bench trial, the Court allowed testimony from a qualified USCIS officer to testify to the materiality of statements made in that defendant's naturalization application. Specifically, in that case, the expert witness was able to testify to whether particular questions are important to the adjudicating officer, and whether certain answers necessitated a certain course of action, such as denying the benefit or asking more probing questions. Similarly, in *Narang*, the defendant was charged with violating 18 U.S.C. § 1546(a), which requires the government to prove "materiality" as an essential element of the offense. There, the USCIS officer designated as an expert testified at trial that "adjudicators look for any indicators of fraud or material omissions," and that had the agency known about certain falsehoods, USCIS would have conducted additional investigations and ultimately would have denied the visa applications at

issue. *Narang,* No. 1:16-CR-43 (LMB), 2019 WL 3949308, at *11. SISO Wood has the relevant expertise and can assess and opine about whether certain facts, if known, would have affected or influenced his decision to approve the particular naturalization application at issue, based on his knowledge of the eligibility requirements and laws or regulations that govern it. Thus, SISO Wood's testimony is not objectionable simply because it is relevant to the materiality element of the visa fraud charges in this case.

### III.  CONCLUSION

Therefore, under the general principles discussed above, SISO Wood's testimony is proper and admissible.

Respectfully submitted,

RAJ PAREKH
Acting United States Attorney

\_\_\_\_/s/_____
Raizza K. Ty
Morris R. Parker, Jr.
Assistant United States Attorney
Office of the United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
raizza.ty@usdoj.gov
morris.parker@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of this pleading was filed via the Electronic Case File (ECF) system on this date, August 26, 2021, and that a Notice of Electronic Filing (NEF) will be sent to counsel of record.

                                                /s/
                                      Raizza K. Ty
                                      Assistant United States Attorney
                                      Office of the United States Attorney
                                      Eastern District of Virginia
                                      2100 Jamieson Avenue
                                      Alexandria, Virginia 22314
                                      raizza.ty@usdoj.gov