IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:21cr43-TSE |
| | ) | |
| LAURA ANNE GALLAGHER, | ) | |
| and | ) | |
| ANDREY NIKOLAYEVICH KALUGIN | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PROPOSED EXPERT
TESTIMONY

The United States, by and through undersigned counsel, hereby files this Motion in Limine to Exclude Proposed Expert Testimony by a California family law attorney.

On August 17, 2021, pursuant to Fed. R. Crim. P. 16(b) and the discovery order in this case, defendants notified the United States that they intend to call Steven P. Silvestri, Esq., a family law attorney in California, as an expert at trial. The notice sets forth Mr. Silvestri's qualifications as a law firm partner who has focused exclusively on family law in California since 1998. According to the notice, Mr. Silvestri has represented clients in hundreds of contested hearings.

More importantly, the notice states that Mr. Silvestri will provide opinion testimony on the following topics:

1) Law governing divorce, including the fact that the law concerning the division of assets is different in different states;

2) California law's determination of what constitutes community property of a marriage and how that determination is central to divorce assets;

3) California law's statutory definition of community property;

4) California law's definition of date of separation;

5) Categories of evidence relevant to courts' determination of the date of separation under California law;

6) Date of separation and its role in determining what is community property under California law;

7) Contested issues such as "date of separation" and "community property" in California divorces;

8) "Date of separation" and "community property" are legal determinations subject to a determination by a judge in divorce proceedings, unless they are agreed to by the parties;

9) A party's desire having no effect on the legal date of separation or "community property;"

10) An earlier date of separation favoring a spouse with assets and income who does not want that property to become community property;

11) Not uncommon for parties and their counsel, acting in good faith, to claim the date of separation most advantageous to their litigation position.

The district court has been charged by the Supreme Court with the responsibility of acting as a gatekeeper to exclude unreliable and irrelevant expert testimony. See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) (trial judge is assigned the task of insuring that an expert's testimony rests on a reliable foundation and is relevant). Expert testimony is admitted if it will assist the trier of fact to determine a fact in issue. Fed. R. Evid. 702. Although expert testimony is not objectionable because it embraces an ultimate issue, Fed. R. Evid. 704, the testimony must be otherwise admissible under the Federal Rules of Evidence. *United States v. Perkins,* 470 F.3d 150, 157 (2010) (quoting Weinstein's Federal Evidence § 704.03 (2d ed. 2002). The testimony must be helpful to the trier of fact and not a waste of time. 470 F.3d at 157 (citing Fed. R. Evid. and 701, 702, and 403).

Defendant Gallagher proposes to call Mr. Silvestri to testify about California family law

and the intentions and motives of parties in family law matters. An attorney's interpretation of California family law and speculation regarding the motives of parties in California family law practice is irrelevant to this case. The charges in this case stem from the defendants' false statements in support of a naturalization application. Defendant Gallagher's motives in her divorce case are irrelevant to whether the defendants made materially false statements in support of Defendant Kalugin's naturalization.

The proposed testimony by Mr. Silvestri will not assist the trier of fact as required by Fed. R. Evid. 702(a). "When a witness gives an opinion about the meaning of a specialized legal term, the witness is giving a legal conclusion that is better handled by the judge and, coming from the witness, will be of little assistance to the jury." *United States v. Offill,* 666 F.3d 168, 175 (4th Cir. 2011). One subject of the proposed expert's testimony is that family law parties commonly act in good faith to claim the most "advantageous" date of separation. This testimony should be excluded because it attempts to substitute the attorney's interpretation of "separation" in the context of California family law for the jury's factual determination of whether the defendants were "separated" as that term is used on the naturalization application and interpreted by U.S. Citizenship and Immigration Services for purposes of adjudicating that application. Defendant Gallagher has also submitted a proposed good faith defense jury instruction. Mr. Silvestri's interpretation of good faith and his speculation regarding the motives of family law clients should be excluded because it reaches a legal conclusion regarding whether Defendant Gallagher acted in good faith when representing the dates of her marriage. The testimony runs a serious risk that a jury may substitute Mr. Silvestri's interpretation of good faith for any good faith defense jury instruction by this Court, should the Court decided to give such an instruction.

Respectfully submitted,

Raj Parekh
Acting United States Attorney


By: \_\_\_\_\_/s/_____
Morris R. Parker, Jr.
Raizza K. Ty
Assistant United States Attorney
Office of United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
morris.parker@usdoj.gov
raizza.ty@usdoj.gov

4

CERTIFICATE OF SERVICE

      This is to certify that a true copy of this pleading was filed under seal Court this date, August 26, 2021, and that a copy of this motion will be emailed to counsel of record.

                                                                                            _____/s/_____
                                                                                            Morris R. Parker, Jr.
                                                                                            Raizza K. Ty
                                                                                            Assistant United States Attorney
                                                                                            Office of United States Attorney
                                                                                            2100 Jamieson Avenue
                                                                                            Alexandria, VA 22314
                                                                                            (703) 299-3700
                                                                                            morris.parker@usdoj.gov
                                                                                            raizza.ty@usdoj.gov