IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:21cr43-TSE |
| | ) |
| LAURA ANNE GALLAGHER, | ) |
| and | ) |
| ANDREY NIKOLAYEVICH KALUGIN, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTIONS TO ALLOW REMOTE VIDEO TESTIMONY**

The United States of America, by and through undersigned counsel, responds to Defendant Gallagher's two publicly filed motions to permit video testimony of three separate witnesses (Dkt. 118, 151), and to Defendant Kalugin's under seal motion for video testimony of a witness. Only one of the three motions involves a witness with a serious medical condition. In the most recent motion filed yesterday, August 25, 2021, Defendant Gallagher argues that hypothetical scenarios involving the risk posed by the COVID-19 pandemic is a sufficient basis for video testimony. This most recent motion makes no claim that either of the witnesses have a serious medical condition. The United States opposes Defendant Gallagher's motion requesting that Cecilia Pena and Lan Anh Tran-Aslinger testify via video testimony. The United States defers to the Court regarding the defendants' remaining motions for video testimony but notes other concerns regarding that testimony.

1

There is a preference in favor of live testimony in a criminal trial. *United States v. Guild*, 2008 WL 134562, *5 (E.D.Va. 2008). The presumption in favor of in person testimony is expressed in the Federal Rules of Criminal Procedure. Rule 26 requires trial testimony be taken in open court in every trial, unless otherwise provided by statute or rules adopted under 28 U.S.C. §§ 2072-2077. Fed. R. Crim. P. 26.

As stated in Defendant Gallagher's motions, Laura Webb, Cecilia Pena, and Lan Anh Tran-Aslinger are expected to testify, in part, to Defendant Gallagher's character for truthfulness. On August 23, 2021, the defendants filed their respective witness lists. Defendant Gallagher listed seventeen witnesses, including family members, co-workers, and her divorce attorney. In addition to Ms. Webb, Ms. Pena, and Ms. Tran-Aslinger, several other family members and co-workers listed as witnesses appear to be character witnesses. Therefore, the testimony to be elicited from Ms. Webb, Ms. Pena, and Ms. Tran-Aslinger may be cumulative.

Ms. Webb, Ms. Pena, and Ms. Tran-Aslinger are also expected to testify about their observations of the defendants' relationship. Defendant Gallagher describes Ms. Webb as a long-time friend who can speak to the nature of the defendants' relationship based on her observations. (Dkt. 118 at 1-2.) Ms. Webb resides in California where she lived when the defendants moved from California to Virginia in March 2016. Although Defendant Kalugin returned to California, Defendant Gallagher continued to reside in Virginia and then resided at various posts abroad during the relevant time-period in the indictment. Ms. Webb's testimony regarding her observations of the defendants' relationship is limited, and most likely outside the relevant dates of the indictment. Defendant Gallagher also makes no representations about how and from what location Ms. Webb's testimony would be streamed if allowed by the Court.

Defendant Gallagher describes Ms. Pena as "a relevant and necessary" witness who resides in Matamoros, Mexico. (Dkt. 151 at 1.) Ms. Pena is unable to appear in person because of the costs associated with traveling internationally to attend the trial, her scheduling conflicts at work, and the rules and regulations related to international travel due to the COVID-19 pandemic. Defendant Gallagher claims that Ms. Pena can speak to the nature of the defendants' relationship based on her "extended" observations. (Dkt. 151 at 2.) Defendant Gallagher provides no time frame in which Ms. Pena made these extended observations other than mentioning that she and Ms. Pena worked in Matamoros. The motion provides no relevant dates, and more importantly, no dates during which she made her "extended" observations. During the time that Defendant Gallagher was working in Matamoros, Defendant Kalugin did not reside in Matamoros. Defendant Kalugin visited Matamoros for approximately three weeks from late March to early April 2018. Moreover, unlike the request for Ms. Webb's testimony, Defendant Gallagher does not claim that Ms. Pena is suffering from a medical condition.

Defendant Gallagher also seeks the remote testimony of Ms. Tran-Aslinger, a witness she describes as a close friend. Defendant Gallagher asserts that Ms. Trans-Aslinger can speak to the nature of the defendants' relationship based on her observations, which occurred "in different contexts and time periods than those of Ms. Pena." (Dkt. 151 at 2.) Defendant Gallagher states that Ms. Trans-Aslinger, the mother of three children, is responsible for taking them to and picking them up from the bus stop, and therefore, is unavailable to appear in person as a witness at trial. Defendant Gallagher also expresses concern that attending the trial would cause Ms. Trans-Aslinger to be unavailable if someone attempted to notify her that her that her children had been exposed to COVID-19. (Dkt. 151 at 3.) Defendant Gallagher states no time period during

3

which Ms. Trans-Aslinger observed the defendants and whether her observations are relevant to the period charged in the indictment.

In an under seal pleading, Defendant Kalugin requests that this Court allow a witness to testify for reasons other than his medical condition. Although more compelling than the requests for Ms. Pena's and Ms. Trans-Aslinger's testimony, Defendant Kalugin's witness is neither out of the country nor suffering from his own medical condition. Defendant has proposed testifying at the federal courthouse in Sacramento. The United States defers to the Court on this request.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Morris R. Parker, Jr.
Raizza K. Ty
Assistant United States Attorneys
Office of the United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
morris.parker@usdoj.gov
raizza.ty@usdoj.gov

## CERTIFICATE OF SERVICE

      This is to certify that a true copy of this pleading was filed via the Electronic Case File (ECF) system on this date, August 26, 2021, and that a Notice of Electronic Filing (NEF) will be sent to counsel of record.

                                      /s/
                              Morris R. Parker, Jr.
                              Assistant United States Attorney
                              Office of the United States Attorney
                              Eastern District of Virginia
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              morris.parker@usdoj.gov