UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21CR43 |
| | ) | |
| | ) | Hon. T.S. Ellis |
| v. | ) | Trial Date: August 31, 2021 |
| | ) | |
| ANDREY KALUGIN | ) | |
| | ) | |
| Defendant. | ) | |

### MR. KALUGIN'S MOTION *IN LIMINE* TO EXLUDE ANY EVIDENCE REGARDING THE DEFENDANTS' "DATE OF SEPARATION" UNDER CALIFORNIA LAW

Defendant Andrey Kalugin, through undersigned counsel, respectfully requests that the Court exclude from evidence any exhibits or testimony related to the defendants' "date of separation" under California law, and proceedings regarding their divorce, pursuant to Federal Rules of Evidence 401 and 403.

In its motion to exclude the testimony of Steven P. Silvestri, Esq., the government emphatically draws a distinction between "'separation' in the context of California family law" and "whether the defendants were 'separated' as that term is used on the naturalization application and interpreted by U.S. Citizenship and Immigration Services for purposes of adjudicating that application." Gov't Mot., Doc. No. 158 at 3. Likewise, the government argues that California family law is "irrelevant to this case." *Id.*

Undersigned counsel, on behalf of Mr. Kalugin, could not agree more. And yet, the government has persistently implied that the California "date of separation" is

relevant to this case. For example, in the affidavit underlying the criminal complaints in this case, the government offered evidence that, when Ms. Gallagher petitioned for divorce in California in July of 2018, she "listed the date of separation as '01-May-2016' and indicated that the 'time from date of marriage to date of separation' is '0 Years' and '11 months'." Doc. No. 2 at ¶ 26. The government offered this as evidence that the couple was in fact "separated" as of May 2016, which the government says that the couple effectively lied about in the August 2016 N-400 naturalization application (by checking the "married" box, instead of the "separated" box), and related February 2018 interview (by affirming that the form was correct). *Id.* ¶¶ 19, 20. The Indictment also notes this incident. *See* Doc. No. 21 at 3-5 (¶¶24-28, 32, 36), and 12 (¶ 18).

Further, the government trial exhibit list includes Ms. Gallagher's July 2018 petition for divorce, and other pleadings from the divorce proceedings, including a request for admissions that appear to have been designed by Ms. Gallagher to develop evidence relevant to her litigation position regarding the California family law concept of "date of separation," and more. *See* Doc. No. 147 at 2 ("California Documents").

In short, it is the *government* that proposes to put these irrelevant matters in issue. The defense contemplated calling Mr. Silvestri *if needed* to provide context to the jury if the Court admitted any evidence about the proceedings in California. But the defense objects to the government offering such evidence (and particularly proposed government exhibits 8-8E) for precisely the reasons the government gives.

2

"Date of separation" is a legal term specific to California family law. It is defined by statute, California Family Code Section 70, which states:

> (a) "Date of separation" means the date that a complete and final break in the marital relationship has occurred, as evidenced by both of the following:
>
> (1) The spouse has expressed to the other spouse the intent to end the marriage.
>
> (2) The conduct of the spouse is consistent with the intent to end the marriage.
>
> (b) In determining the date of separation, the court shall take into consideration all relevant evidence.
>
> (c) It is the intent of the Legislature in enacting this section to abrogate the decisions in *In re Marriage of Davis* (2015) 61 Cal.4th 846 and *In re Marriage of Norviel* (2002) 102 Cal.App.4th 1152.

*See* Def. Disclosure re Silvestri, Exhibit 1. As the statute quoted above states, the "date of separation" under California law depends on "all relevant evidence." What evidence is "relevant" to this issue is a matter of legal opinion, expertise, and experience.

There is nothing in California law, or in the law of naturalization, suggesting that the "date of separation" under the former has the same meaning as "separated" on the N-400, or vice versa. Again, the government makes this point. Gov't Opp., Doc. No. 158 at 3.

Accordingly, knowing what Ms. Gallagher or Mr. Kalugin asserted about the "date of separation" for purposes of California divorce proceedings in 2018 is irrelevant, and inadmissible pursuant to Federal Rule of Evidence 401. Further, the negative probative value of evidence related to the "date of separation" is

substantially outweighed by a danger of" unfair prejudice, confusing the issues, and misleading the jury," as prohibited by Rule 403. The Court should thus exclude from evidence proposed government exhibits 8 through 8E, and disallow any testimony or other evidence regarding the California divorce proceedings (other than to inform the jury that the defendants divorced in 2018).[1]

For the foregoing reasons, and such others as may be advanced at the pretrial conference, the Court should exclude from evidence any exhibits or testimony related to the defendants' "date of separation" under California law, and proceedings regarding their divorce, pursuant to Federal Rules of Evidence 401 and 403.

                                                            Andrey Kalugin
                                                            By Counsel

                                                            ___/s/___
                                                           Ann Mason Rigby, Va Bar No. 92996
                                                           Assistant Federal Public Defender
                                                           1650 King Street, Suite 500
                                                           Alexandria, Virginia 22314
                                                           (703) 600-0869 (T)
                                                           (703) 600-0880 (F)

---

[1] If the Court excludes these exhibits and related evidence, then Mr. Kalugin will not call Mr. Silvestri, making the government's motion *in limine* at Doc. No. 158 moot.

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record. Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

                                                                                                                                                                  /s/
                                                Ann Mason Rigby
                                                Virginia Bar Number 92996